Wilde J.
delivered the opinion of the Court. Several questions arise on the pleadings, and the defendants except also to the decisions of the judge and to his directions to the jury, as they appear in the report of the trial.
The case is trespass, in which the plaintiff complains of an aggravated assault and battery committed on his person by the two defendants.
In addition to the general issue, the defendants pleaded severally divers matters in justification, to which the plaintiff replied ; and to the several replications the defendants demur.
In the first and second pleas in justification, of Luther Henry, he avers that he was, at the time mentioned in the plaintiff’s declaration, lawfully seised of a messuage and dwellinghouse situated in Pelharii, of which he ought then to have been in the quiet *393 and peaceable possession, but which at the time when, &c. was unlawfully withheld from him by the plaintiff, he then being, and before having been, in the unlawful possession of the same; and that for the purpose of entering his said dwellinghouse, he,
Luther, did commit the assault and battery complained of, as lawfully he might, using no more force than was necessary to overcome the unlawful resistance of the plaintiff. '
The plaintiff replies, that he and his son and family had been, for the space of a year before the time when, &c. and at that time was, in the quiet possession of the dwellinghouse as his and their home, when Luther made a violent attack on the plaintiff, and beat and bruised him in manner set forth in the writ, and then and there forcibly broke open the dwelling-house, to the great terror of the family, and other wrongs then and there did.
The replication then concludes with a general traverse of the defendant’s plea, and with a verification.
This conclusion of the replication, with a verification, does not appear to be in conformity with the strict rules of pleading. The rule is, that where the whole substance of the last pleading is denied, the conclusion must be to the country ; otherwise the pleadings may be interminable, without coming to a formal issue. And it makes no difference that new matter is introduced by way of inducement to the general traverse, although if the traverse had been special it might be otherwise; for it is said, that where one of several facts alleged in a plea is selected and denied in the replication, the conclusion may be to the country, or with a verification. But this is by no means universally true. Sergeant Williams says, “ it may be laid down as a safe rule, that where a defendant cannot take any new or other issue in his rejoinder than the matter he had pleaded before without a departure from his plea; or where the issue in the rejoinder would be the same in substance as on the plea, the plaintiff ought to conclude to the country.” We think this rule of pleading is correct, and it is supported by the modern authorities. 1 Saund. 103, in notis; Robinson v. Bayley, 1 Burr. 319 ; Boyce v. Whitaker, 1 Doug. 94. Courts do not and ought not to encourage prolixity of pleading; and therefore when one or more facts, which are *394 material and decisive of the merits of the case, are affirmed by one party and denied by the other, the conclusion should be to the country.
We do not, however, consider this objection and the other objections to the replications as material to the decision of the case, because we are of opinion that the pleas in bar are insufficient. These pleas attempt to justify the forcible entry into the plaintiff’s dwellinghouse, on the ground that the defendant was the owner of the property, and that the plaintiff unlawfully withheld the possession thereof from him. The pleas admit that the plaintiff was in possession, and do not deny that he entered peaceably; yet the defendant asserts the right, not only of breaking open the house and entering therein with force and violence, but also of committing an assault and battery on the tenant with a dangerous weapon, for' the purpose of accomplishing his object. The use of the dangerous weapon and the degree of violence charged in the writ, are not denied by the pleas ; it is only averred that no more force was used than was necessary to enable the defendant to enter, and to overcome the plaintiff’s resistance.
Such is the claim of right set up by these pleas ; a claim manifestly opposed to the fundamental principles of civil government. The law does not allow any one to break the peace and forcibly to redress his private wrongs. He may make use of force to defend his lawful possession, but being dispossessed, he has no right to recover possession by force, and by a breach of the peace. This is no defence in an action for the personal injury. This principle applies to the possession and dispossession of personal property, and ought especially to be rigidly observed in relation to a man’s dwellinghouse, in which he is peculiarly prot&cXyti by the law. 3 Bl. Com. 4, 5 ; Gregory v. Hill, 8 T. R. 299 ; Hyatt v. Wood, 3 Johns. R. 239.
In the third special plea of Luther Henry, he avers that the assault and battery were committed in defence of the possession of his dwellinghouse, and the plaintiff replies de injuria &c. in common form. We think no good exception can be taken to this replication. It is said that the general traverse puts in issue the defendant’s title, and his seisin of the dwel *395 .inghouse, but we do not consider the title as material; the replication only denies the defendant’s possession, and that the assault and battery were committed in defence of his possession. The general traverse only-puts in issue the material facts alleged in the plea.
The replication, however, to Luther’s last plea cannot, we think, be sustained. It is bad, we think, for uncertainty, for it is hard to determine whether‘the replication was intended as a denial of the plea, or as a confession and avoidance of it.
The plea avers that the first assault was committed by the plaintiff, and the replication avers that the defendants broke open the dwellinghouse of the plaintiff, and beat, bruised and ill-treated him, and “that he in defending himself against them, gently laid his hands upon the said Luther, which was the same assault in said last plea mentioned,” &c. Now it is not distinctly averred in the replication, whether the plaintiff or the defendants made the first assault. The inference seems to be, that as the plaintiff avers that he acted in his own defence, the first assault was made by the defendants. If it was so intended, it should have concluded with the general traverse ; if oth erwise, the intention is not expressed with sufficient certainty.
If the plaintiff did not intend to deny that he made the first assault, he should have confessed and avoided in direct and unambiguous language ; and it is very clear that nothing contained in this replication amounts to any such confession.
It is not necessary to notice the pleadings as to the other defendant, as they depend on the same principles and rules of pleading as those we have already considered.
As to the exceptions to the proceedings at the trial, we think they cannot be sustained. Evidence showing the situation of the son’s wife and family at the time of the assault and battery, was properly admitted to show the malice of the defendants and the aggravated suffering of the plaintiff. Thus it may be proved that an assault was made at a public place and m presence of many witnesses, although it may not be so alleged to have been done in the declaration. This is considered as matter of aggravation, and not as ground for the recovery of special damages.
So the circumstance that the defendants entered for the pur *396 pose of making an attachment, ought not to go in mitigation damages. It rather ought to aggravate the damages, for the defendants had no legal right to break open a dwellinghouse for such a purpose, and it was an abuse of legal process.

On motion, leave to amend the replications to the defendant's last pleas.